# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEMETRIO HARRIS SANTOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:13cv1446 TCM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security (Commissioner), denying the applications of Demetrio Harris Santos (Plaintiff) for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433, and for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381-1383b.[1] After Plaintiff filed a brief in support of his complaint, the Commissioner filed a motion to remand. Plaintiff does not object to the motion.

Plaintiff applied for DIB and SSI in March 2011, alleging he was disabled as of December 2010 by a fractured knee, fractured feet, and hepatitis C. His applications were denied by an Administrative Law Judge (ALJ) following a hearing at which he only testified.

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

The Appeals Council then denied his request for review, effectively adopting the ALJ's adverse decision as the decision of the Commissioner. This action followed.

In his brief in support of his complaint, Plaintiff argues the ALJ, erred by, inter alia, relying on the Medical-Vocational Guidelines after finding he had the residual functional capacity to perform light work with an additional limitation of needing an opportunity to alternate between seated and standing positions. Plaintiff argues this additional limitation significantly erodes the occupational base and requires, at a minimum, the testimony of a vocational expert.

In her motion to reverse and remand, the Commissioner states that on remand the Appeals Council will then remand to the ALJ with directions to further develop the record, including the assessment of Plaintiff's residual functional capacity with specific references to the evidence, the clarification of the additional limitation, and the solicitation of relevant testimony by a vocational expert.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added).

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED** [Doc. 18] and that this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as outlined in the motion.

An appropriate Order of Remand shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of February, 2014.